Mr. Brian K. Bailey 1104 McHenry Malvern, AR 72104
Dear Mr. Bailey:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -109).
You indicate that the local newspaper has presented a request to the Hot Spring County Sheriff's Office for your personnel records and for certain internal investigation records. You have not provided me with copies of any of the requested records, nor have you indicated whether the custodian has determined that the requested records should be released or not.
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
Although I am not aware of the custodian's determination regarding the release of the requested records, I will nevertheless offer the following legal guidelines for the releasability of the records in question.
According to your description, some of the requested records constitute "personnel records," and others constitute "employee evaluation/job performance records." The custodian must apply the appropriate tests to these two different types of records to determine whether they should be released.
Personnel Records
Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g., Ops. Att'y Gen. Nos. 2003-055; 2002-085; 2001-154; 99-147.
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2001-101; 98-001.
Employee Evaluation/Job Performance Records
Under the FOIA's applicable standard, "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055.
Any records pertaining to you that were created at the behest of your employer as a part of an internal investigation constitute "employee evaluation or job performance records" and are subject to the three-pronged test set forth above. See Ops. Att'y Gen. Nos. 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. If any suspension resulted from that investigation, the pre-requisite for the test has been satisfied. However, if any such suspension was appealed and the appeal is still pending, the first prong of the test has not been satisfied. See
Ops. Att'y Gen. Nos. 2002-158; 2002-158; 2000-267; 2000-203; 99-361; 99-359; 98-006. In that situation, any employee evaluation/job performance records pertaining to the incident that gave rise to such suspension and appeal cannot be released.
I note that if a suspension resulted from the investigation and is upheld on appeal, the third prong of the test (whether there is a compelling public interest in the records that formed the basis for the suspension) must be considered. The question of whether there is a compelling public interest in records is a question of fact. See, e.g., Ops. Att'y Gen. Nos. 2003-072; 2002-158; 2001-028; 2000-122; 99-147. The records related to the suspension can only be released if it is determined as a matter of fact that there is a compelling public interest in the records related to the suspension.
On the other hand, if any such suspension resulting from the investigation is reversed on appeal, the pre-requisite of the test cannot be satisfied, and the records related to the suspension cannot be released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General